IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAKE L. KILLINGS, | ) | CASE NO. 1:09CV845 |
| PLAINTIFF, | ) ) ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| COMMISSIONER OF THE SOCIAL SECURITY ADMIN. | ) ) ) ) | |
| DEFENDANT. | ) | ORDER |

Plaintiff Jake L. Killings ("Killings"), through counsel Kirk B. Roose ("Roose"), filed a timely application for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. No. 15.) The Commissioner of Social Security ("Commissioner") filed a response to Plaintiff's motion requesting the Court to reduce the amount of fees awarded. (Doc. No. 16.) Plaintiff filed a reply brief. (Doc. No. 17.) The parties consented to the jurisdiction of the undersigned Magistrate Judge for entry of final judgment in this case pursuant to 28 U.S.C. § 636(c)(1). (Doc. No. 10.) For the following reasons, Killings' motion for attorney's fees is granted in part and denied in part.

### A. Procedural History

In May 2008, Killings first contacted Roose seeking counsel as Killings was confused regarding the status of his social security disability claim after a request for a hearing before an ALJ was denied and the Appeals Council affirmed. (Doc. 1, ¶¶ 5, 6, 15.) Roose agreed to represent him. *Id.* at ¶ 16. The instant action was filed on April 14, 2009, seeking a remand, either because no notice of reconsideration determination was issued, or there was improper and misleading notice as to the determination which tolled Killings time to request a hearing. *Id* at ¶

21.

The parties filed a joint proposed stipulation to remand, which the Court granted on August 3, 2009. (Doc. No. 14.) Killings filed a timely motion for attorney fees pursuant to the EAJA requesting fees in the amount of $996.90, representing 5.8 hours at $171.88 per hour, plus costs of $24.50.[1] The Commissioner opposes the request challenging the time expended and the hourly rate as unreasonable. He does not dispute the amount of costs. Furthermore, the Commissioner contends that pursuant to statute, the award should be made to the "prevailing party," not to the attorney.

### B. Law

The EAJA "'departs from the general rule that each party to a lawsuit pays his or her own legal fees' and requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified," or special circumstances would make an award unjust. *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004), *quoting Scarborough v. Principi*, 504 U.S. 401, 124 S.Ct. 1856, 1860 (2004); *see also* 28 U.S.C. § 2412(d)(1)(A). The party seeking attorney's fees bears the burden of proving that he is an eligible and prevailing party, while the Commissioner must prove that the government's position was "substantially justified." It is undisputed that Killings is an eligible and prevailing party, and that the Commissioner is not arguing justification. Therefore, the analysis in this case turns on whether the fees requested are a reasonable assessment of the expenses incurred in the litigation.

Under the EAJA, the amount of attorney fees awarded shall be based upon the prevailing market rates for the kind and quality of services furnished, except that ". . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Sixth Circuit has

---

[1] In his reply brief, Killings seeks an additional 4 hours to cover the time counsel spent researching and preparing that brief.

recognized that the EAJA allows for a cost-of-living adjustment. *Begley v. Secretary of Health and Human Services*, 966 F.2d 196, 199 (6th Cir. 1992). In addition, while recognizing that adjustments in EAJA fees due to increases in the Consumer Price Index ("CPI") are sometimes seen as essentially perfunctory or even mandatory, the Sixth Circuit leaves the matter to the sound discretion of the district court. *Id*. (citations omitted). The 1996 EAJA language continues to provide for such an increase. 28 U.S.C. § 2412(d)(2)(A). In requesting an increase in the hourly-fee rate, the applicant bears the burden of producing appropriate evidence to support the requested increase. *See Blum v. Stenson*, 465 U.S. 886, 898, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (considering attorney fees under § 1988, the Court stated, "[t]he burden of proving that such an adjustment is necessary to the determination of a reasonable fee is on the fee applicant.") The applicant must "produce satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* at 895 n. 11, 104 S.Ct. 1541.

### C. Analysis

The Court must review Killings' application for attorney's fees to determine whether the requested fees are reasonable. *See* 28 U.S.C. § 2412(d)(1)(A), (B); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Killings bears the burden of proving that the number of hours expended was reasonable. *Id.* Courts are obligated to prune unnecessary hours from fee petitions because, "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

Killings has requested fees for 5.8 hours of work, most of which pertain to reviewing the Appeals Council's affirmance, researching the history of the case, preparing the complaint and reviewing the joint stipulation. The Commissioner argues that the number of hours expended was excessive, particularly as to the amount of time preparing the complaint and reviewing the joint stipulation prepared by the Commissioner. Specifically, the Commissioner argues that counsel's time sheets show he spent 2.7 hours preparing the "custom complaint," but he does not

3

clearly identify the tasks he performed. The Commissioner also requests a deduction of fifteen minutes as counsel took thirty minutes to review a single page joint motion for remand. Therefore, the Commissioner requests the Court to deduct one hour and fifteen minutes. In reply, Killings contends that counsel's hours are reasonable and that the extra time spent in drafting the complaint was beneficial as it provided enough detail that a stipulated remand order was agreed upon by the parties. As counsel did not represent Killings throughout the administrative process, it does not seem unreasonable to expend 2.7 hours getting up to speed on a case and filing a complaint. By the same token, an additional 3.1 hours to resolve the case and file the instant application for fees, seems entirely reasonable as well.

Killings also requests an additional 4 hours for his research and preparation of his reply brief. (Doc. No. 17, p. 3.) The United States Supreme Court has concluded that counsel's time spent preparing and supporting a fee application should be compensated. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 162 (1990). The Court finds that 2 hours is a reasonable amount of time to prepare a three page reply brief for which counsel did limited new research.

The Court next turns to the Commissioner's argument that the hourly rate does not reflect the prevailing rate in the locality where the work was performed as counsel relied on the "U.S. City Average – All Items" of the CPI. The rate requested by Killings is $171.88.[2] The Commissioner contends that in accordance with *Blum v. Stenson*, 465 U.S. at 895, the cost of living increase should be measured on a local basis by using the "Midwest Urban" average.

---

[2]The CPI All Items Index average was 155.7 in March, 1996, when the statutory cap of $125.00 was set. Killings used the first half of 2009 CPI which he contends was 214.102. The common ratio of change, then, is 1.375 (214.102 divided by 155.7 rounded to the nearest thousandth). Applying this cost of living increase to the $125.00 per hour statutory cap results in a current hourly rate of $171.88 ($125.00 x 1.375).

Upon reviewing the Department of Labor's CPI tables (see www.bls.gov/cpi), the Court notes that the CPI All Items Index Average for the first half of 2009 is actually 213.139. Performing the same calculation as above, the hourly rate would be $171.13 (a difference of less than a dollar from Killings' computation).

Using the Midwest Urban average, the hourly rate is calculated to be $166.71.[3] Federal courts in Ohio have used both the "U.S. City Average - All Items" and the "Midwest Urban" index of the CPI in calculating the cost of living increase in attorney fee rates. *See Burge v. Astrue*, 2008 WL 2557148, *3, Case No. 1:07-cv-01364 (N.D. Ohio Jun. 20, 2008) (applying the CPI - All Urban Consumers); *Meadows v. Comm. of Social Security*, 2009 WL 412687, *4, Case No. 1:07cv1010 (Feb. 17, 2009) (applying the CPI - Midwest Urban area); *Hart v. Astrue*, 2009 WL 2632153, *2, Case No. 3:07-cv-416 (S.D. Ohio Aug. 24, 2009) (applying the CPI - All Items Index). As a court has discretion in determining the hourly rate, *see Begley*, 966 F.2d at 199, the Court finds that the hourly rate set forth by the Commissioner of $166.71 is reasonable and perhaps most accurate as it represents the cost of living increase on a local basis. This amount multiplied by 7.8 hours is $1,300.34.

### D. Payment

The Sixth Circuit recently held that pursuant to the EAJA, attorney fees are to be awarded to the plaintiff who is the "prevailing party," not his counsel. *Bryant v. Comm'r. of Soc. Security*, 578 F.3d 443, 446-449 (6th Cir. 2009). This holding was found to be applicable even when a written fee contract was entered into calling for assignment of any EAJA award to the attorney. *See Rosenstiel v. Astrue, Comm'r. of Soc. Security*, 2009 WL 3061996, *2, Case No. 2:08-231 (E.D. Ky. Sept. 22, 2009)(unpublished). Nonetheless, the United States Supreme Court has noted that statutory fee awards can coexist with private fee arrangements. *Venegas v. Mitchell*, 495 U.S. 82, 88 (1990). Under § 1988, which legal principles are similar to the EAJA, the Supreme Court has noted that "it is the party's right to waive, settle, or negotiate" a claimant's eligibility to attorney fees. *Venegas* 87-89.

In the instant matter, Killings attaches an agreement which shows that on May 29, 2008, he consented to have all EAJA fees paid to counsel. (Doc. No. 17-1.) The Commissioner concedes that attorney fees can be assigned under the EAJA. (Doc. 16, p. 7.) Therefore,

---

[3]See Doc. 16, page 5 for the Commissioner's calculations based on the CPI-U for the Midwest Urban value in April 2009 of 202.327.

attorney fees and costs are awarded to Roose.

### E. Conclusion

Killings' application for attorney fees under the EAJA (Docket No. 15) is hereby granted in part and denied in part. The Court awards $1,324.84 to Roose.[4] This Court authorizes Defendant to make payment to Kirk B. Roose, Roose & Ressler, 5 South Main Street, Suite 301, Oberlin, Ohio 44074.

IT IS SO ORDERED.

                                                  s/ Greg White
                                                United States Magistrate Judge

Dated: October 28, 2009

---

[4] $1,324.84 is based on 7.8 hours at $166.71 per hour, or $1,300.34, plus costs of $24.50.