IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAKE L. KILLINGS, | ) | CASE NO. 1:09CV845 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| COMMISSIONER OF THE | ) | |
| SOCIAL SECURITY ADMIN. | ) | |
| | ) | |
| DEFENDANT. | ) | ORDER |

On October 28, 2009, the Court granted plaintiff Jake L. Killings ("Killings") motion for attorney fees in the amount of $1,324.84 to be paid to Attorney Kirk B. Roose. (Doc. No. 18.) Subsequently, Killings filed a motion to alter or amend pursuant to Fed. R. Civ. P. 59(e). (Doc. No. 19.) Defendant did not respond. Killings requested the Court to amend its order as to the amount of hours (an additional two hours) and as to its computation of the hourly rate (an increase of $5.17 per hour). For the following reasons, the motion is granted in part and denied in part.

It is well-established in the Sixth Circuit that a Rule 59(e) motion is "not a substitute for appeal and does not allow the unhappy litigant to reargue the case." *Bollenbacher v. Comm'n of Soc. Sec.*, 621 F.Supp.2d 497, 501 (N.D. Ohio 2008) (discussing Rule 59(e)). Instead, a motion pursuant to Rule 59(e) is appropriate in a very limited range of circumstances. The Court in *Bollenbacher* described the circumstances justifying relief under Rule 59(e) as follows:

> Only three situations justify altering or amending a judgment under Rule 59(e): 1) newly discovered evidence; 2) intervening change in controlling law; or 3) need to correct clear legal error to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). The district court has great discretion in deciding whether to grant relief under Rule 59(e). *Id.* at 619-20.

*Bollenbacher* at 501. Such a motion is extraordinary and is seldom granted because it contradicts notions of finality and repose. *See Wells Fargo Bank v. Daniels*, No. 1:05-CV-2573, 2007 WL 3104760, at *1 (N.D. Ohio Oct.22, 2007); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.,* 904 F.Supp. 644, 669 (N.D.Ohio 1995).

Here, upon review of Killings' motion, he has not submitted newly discovered evidence or identified an intervening change in controlling law. He does, however, reargue that the Court should have relied on *Barnett v. Astrue*, Case No. 1:07cv3367 (N.D. Ohio, Dec. 9, 2008) (Vecchiarelli, M.J.) to apply the national cost-of-living index to calculate the hourly rate. Also, he contends that the Court inappropriately reduced the amount of fee hours.

**Hourly Rate Calculation**

District courts are required to exercise discretion in calculating a reasonable rate of compensation for attorneys who represent successful litigants in social security cases by considering all relevant factors in determining reasonableness of attorney's fees. *Glass v. Sec'y of Health and Human Serv.*, 822 F.2d 19 (6th Cir. 1987).

Killings argues that the Court should have calculated the hourly rate using the national cost-of-living index, not a regional one. He gives two reasons to support his argument. First, he points to two magistrate judge decisions from the Northern District of Ohio which applied the national index.[1] He also contends that a split in the district as to which index is applicable would

---

[1] In the motion for attorney fees, Killings relied on *Barnett v. Astrue*, Case No. 1:07cv3367 (N.D. Ohio Dec 9, 2008) (Vecchiarelli, M.J.). Killings simply stated that this court has approved use of the national index and cited to *Barnett* as follows:

> Defendant also argues that plaintiff calculates fees at the United States city average rather than at the Midwest regional average. Defendant provides no explanation as to why one average is more appropriate than the other. Neither rate seems, on its face, inappropriate. As defendant shows no reasons for preferring one rate over the other, the court shall accept plaintiff's calculation in this regard.

*Killings,* Doc. 17 at 2. Killings points to another case in this district which adopted the use of the national index. *See Titus v. Astrue*, Case No. 1:08cv2093 (N.D. Ohio, Oct. 14, 2009)(Limbert, M.J.). The *Titus* decision was subsequently adopted by a District Judge. (Doc. No. 29.) However, neither case explained its reason for using one index over the other. The

2

be burdensome to attorneys and create extra work. He reasons that using a single, national index is less complex. Killings also argues that for uniformity purposes, the national index, not a regional index, should be used to adjust the national cap of $125.

The Sixth Circuit has left the matter of adjusting for increases in the Consumer Price Index to the sound discretion of the district court. *Begley v. Sec'y of Health and Human Serv.*, 966 F.2d 196, 199 (6th Cir. 1992). *Accord Headlee v. Bowen*, 869 F.2d 548, 551 (10th Cir.), *cert. denied*, 493 U.S. 979, 110 S.Ct. 507, 107 L.Ed.2d 509 (1989). Here, the Court exercised its discretion to apply the most appropriate index. (Doc. No. 18 at 4-5.) Therefore, the Court denies Killings' motion as to the calculation of the hourly rate.

### Amount of Fee Hours

Killings next argues that the Court should have awarded the four hours spent by counsel researching, preparing and filing the reply brief, not just two hours. As the Commissioner has not opposed this request, and the Court notes that Mr. Roose reinforced that he had indeed spent four hours in the preparation of his supplemental application, this portion of the motion is granted.

For the foregoing reasons, Killings motion to alter or amend is granted in part. The Court awards Roose two hours at $166.71 per hour, or $333.42. This amount is in addition to the $1,324.84 awarded to Roose in the October 28, 2009 Order. (Doc. No. 18.)

IT IS SO ORDERED.

                                              s/ Greg White
                                              United States Magistrate Judge

Dated: December 21, 2009

---

*Titus* Court used the national index after simply stating ". . . there is no justifiable reason put forth by Defendant for using either a national or regional rate." (Doc. No. 29 at 3.) These decisions may be persuasive authority, but they are not binding on this Court. Moreover, in *King v. Comm'r*, 02cv0939 (N.D. Ohio Jan. 21, 2009) (Gallas, M.J.) applied yet another index, the Consumer Price Index for Urban Wage Earners and Clerical Workers (CPI-W).